Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STAR FABRICS, INC., a California corporation,

Plaintiff,

v.

TRES BIEN CLOTHING, INC., a California Corporation; CORNERSTONE APPAREL, INC., a California Corporation d/b/a "Papaya;" VICMOJESS ENTERPRISES, INC., a California Corporation; GOJANE.COM, INC., a California Corporation; ZIZIBEH, a California business entity of form unknown; and DOES 1 through 10,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

AND

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT.

Jury Trial Demanded

Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1440 East Walnut Street, Los Angeles, California 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant TRES BIEN CLOTHING, INC. ("TRES BIEN") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 1100 Wilshire Blvd. #2408, Los Angeles, CA 90017.

6. Plaintiff is informed and believes and thereon alleges that Defendant CORNERSTONE APPAREL, INC. d/b/a "Papaya" ("PAPAYA") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 5807 Smithway St., Commerce, CA 90040.

7. Plaintiff is informed and believes and thereon alleges that Defendant VICMOJESS ENTERPRISES, INC. ("VICMJOESS") is a corporation organized and existing under the laws of the state of California with its principal place of business located at 1100 S. San Pedro St. #I-4, Los Angeles, CA 90015.

8. Plaintiff is informed and believes and thereon alleges that Defendant GOJANE.COM, INC. ("GO JANE") is a corporation organized and existing under

the laws of the state of California with its principal place of business located at 950 Barrington Ave., Suite A, Ontario, CA 91764.

9. Plaintiff is informed and believes and thereon alleges that Defendant ZIZIBEH is a business entity of form unknown organized and existing under the laws of the state of California with its principal place of business located at 195 E. 4th Street, Long Beach, CA 90802.

10. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN NO. 40614**

12. Plaintiff owns an original two-dimensional artwork used for textile printing entitled 40614 ("Subject Design").

13. Plaintiff applied for and received a United States Copyright Registration

for Subject Design.

14. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

15. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design, TRES BIEN, PAPAYA, VICMOJESS, ZIZIBEH, and/or DOE Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization.

16. Subject Product includes but is not limited to garments sold by:

a. GO JANE under Style No. 61909 and bearing the label "Solemio" and RN 107363, which indicate that the garments were manufactured by or for VICMOJESS;
b. PAPAYA under SKUs 14892718002 and 14892917803 and bearing the label "Tres Bien" and RN 128827, which indicate that the garments were manufactured by or for TRES BIEN; and
c. ZIZIBEH under SKU 3901707712 and bearing the label "Tres Bien" and RN 128827, which indicate that the garments were manufactured by or for TRES BIEN.

17.An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

///

///

///

**Subject Design**








## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

18. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the foregoing paragraphs.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Design.

20. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Design, or were an illegal modification thereof.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Design and by producing, distributing and/or selling Subject Product through a nationwide network of retail stores, catalogues, and through on-line websites.

22. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

23. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Design in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement –

Against All Defendants, and Each)

25. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the foregoing paragraphs.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring Subject Design as alleged herein.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer damages in an amount to be established at trial.

29. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to Defendants' infringement of Subject Design, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and

servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: April 21, 2014

DONIGER/BURROUGHS

By: /s/ Annie Aboulian
Stephen M. Doniger, Esq.
Annie Aboulian, Esq.
Attorneys for Plaintiff